**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MIR MOZAMEL IMAMI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-566-J |
| | ) | |
| TODD M. LYONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Mir Mozamel Imami, a citizen of Afghanistan, is currently in the custody of Immigration and Customs Enforcement (ICE).  He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 16] recommending that the Court:  (1) grant in part the Petition by ordering Petitioner's immediate release; (2) deny Petitioner's motion to expedite as moot; (3) order Respondents to certify compliance by filing a status report within ten business days of the Court's order; and (4) promptly provide a copy of the Court's order to counsel for the Warden of the Diamondback Correctional Facility.  Respondents filed a timely Objection [Doc. No. 17], triggering de novo review, *see* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).  Petitioner has filed a response to Respondents' objection [Doc. No. 18].

Petitioner is a citizen of Afghanistan who entered the United States on February 21, 2023, without admission or inspection.  The next day, Petitioner was placed into removal proceedings under 8 U.S.C. § 1229a.  The Department of Homeland Security (DHS) issued a Notice to Appear charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act.  DHS released Petitioner on an order of recognizance under 8 U.S.C. § 1226 and enrolled him in an

Alternatives to Detention program.  Petitioner missed a check-in on March 13, 2023, and DHS

terminated him from the program as an absconder.  On July 12, 2023, Petitioner applied for asylum

and withholding of removal.  On January 5, 2026, during a regular check-in, ICE took him into

custody.

Respondents object to Judge Mitchell's conclusion that § 1226(a) governs Petitioner's

detention.  Respondents insist that § 1225(b)(2)(A) controls Petitioner's detention.  *See* Obj. at 2.

The Tenth Circuit, however, has now held "that noncitizens who entered the United States and

were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus

eligible for bond), not § 1225(b)(2)(A)."  *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL

1876709, at *5 (10th Cir. 2026).

Respondents also object to Judge Mitchell's conclusion that Petitioner should be

immediately released because Respondents have identified no change in circumstances that

required revocation of Petitioner's conditional release.  In his response, Petitioner asserts district

courts possess broad authority to dispose of habeas matters as law and justice require and to order

immediate release.  Having reviewed the Report and Recommendation and the parties'

submissions, the Court finds that the appropriate remedy in this case is to order Respondents to

provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a).[1]

---

[1] Judge Mitchell alternatively recommends that if the Court orders Respondents to provide
Petitioner a bond hearing, the Government should bear the burden to prove by clear and convincing
evidence that Petitioner is either a flight risk or a danger to the community.  Upon review of this
matter, the Court concludes that it is premature and not fit for adjudication at this stage.  A claim
is not ripe for adjudication if it rests upon "'contingent future events that may not occur as
anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473
U.S. 568, 580–581 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and
Procedure § 3532 (1984)).  At this point in time, no immigration judge has conducted a bond
hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts
of this case to that evidentiary framework.  Accordingly, the Court declines to issue an advisory
opinion instructing the Immigration Judge to apply a particular burden of proof.  *See Jalloh v.*

Accordingly, the Report and Recommendation [Doc. No. 16] is ADOPTED IN PART; Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act, and Petitioner's Motion to Expedite Consideration of the Pending Petition for a Writ of Habeas Corpus [Doc. No. 15] is DENIED as MOOT. The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period. Respondents shall certify compliance within ten (10) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 1st day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

*Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).